■ In the Matter of BRADFORD MOTT, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [609 NYS2d 16] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered December 1, 1992, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination imposing treble damages upon a finding that petitioner had willfully overcharged rent to his subtenant, unanimously modified, to the extent of annulling so much of respondent's determination

which imposed treble damages upon petitioner and, as so modified, otherwise affirmed, without costs.

The IAS Court properly deferred to respondent agency's interpretation of Rent Stabilization Code (9 NYCRR) § 2522.5 (h) (4), (5) that an apartment rented pursuant to an interim lease after a conversion plan has been accepted for filing remains subject to regulation until the plan has been declared effective and the interim lessee has closed on the apartment, and that consequently petitioner was neither a proprietary lessee nor holder of unsold shares at the time the sublease was executed (see, Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal, 75 NY2d 206, 213). However, we find particular facts in the record to demonstrate that the overcharge was not willful so as to render so much of the agency's finding to that effect to be arbitrary and capricious.

Accordingly, we modify the order appealed from to the extent of annulling so much of the respondent agency's determination which imposed treble damages upon petitioner and, as so modified, the order is otherwise affirmed. Concur—Ellerin, J. P., Wallach, Kupferman, Rubin and Williams, JJ.